

# MICKES
# GOLDMAN
# O'TOOLE, LLC

555 Maryville University Dr.,
Suite 240
St. Louis, MO 63141
Tel 314.878.5600 Fax 314.878.5607

## *FAX TRANSMITTAL COVER SHEET*

### DELIVER UPON RECEIPT TO:

| Name | Fax No. | Phone No. |
|---|---|---|
| Attention: Jeanne<br>Circuit Clerk's Office<br>Jasper County Circuit Court (Carthage) | 417-358-0461 | 417-358-0441 |

### TRANSMISSION FROM:

| Name | Date | No. of Pages<br>(including cover sheet) |
|---|---|---|
| to Sarah A. Schmanke | May 23, 2013 | 2 |

Message:

  RE: Jessica Nugent v. Carl Junction R-1 School District
    Case No. 13AP-CC00033

  Request for State Court File.



FILED
LINDA WILLIAMS-CLERK

MAY 2 3, 2013

JASPER COUNTY CIRCUIT CLERK
CARTHAGE, MISSOURI

00064967.1 The facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify sender by telephone and return the original facsimile to the above address via the U.S. Postal Service. Thank You.

## EXHIBIT A

Report: CZR0026

29TH JUDICIAL CIRCUIT
JASPER COUNTY - CARTHAGE
CIRCUIT COURT DOCKET SHEET

Date:    15-May-2013
Time:    1:16:51PM
Page:    2

Case continued from previous page.

---

**13AP-CC00033**    **JESSICA NUGENT V CARL JUNCTION R-1**    **Security Level: 1 Public**
**SCNHOOL DISTRIC**

---

15-May-2013    **Summons Issued-Circuit**
Document ID: 13-SMCC-399, for REED, GARY mailed to the Plaintiff's Attorney to give to HPS
Process & Investigations, Inc. for service upon the Defendant.  JB.

**Summons Issued-Circuit**
Document ID: 13-SMCC-400, for SAWYER, SCOTT mailed to the Plaintiff's Attorney to give to HPS
Process & Investigations, Inc. for service upon the Defendant.  JB.

**Summons Issued-Circuit**
Document ID: 13-SMCC-401, for CHASE, TREVOR mailed to the Plaintiff's Attorney to give to HPS
Process & Investigations, Inc. for service upon the Defendant.  JB.

**Summons Issued-Circuit**
Document ID: 13-SMCC-402, for WITHERS, BEN mailed to the Plaintiff's Attorney to give to HPS
Process & Investigations, Inc. for service upon the Defendant.  JB.

**Summons Issued-Circuit**
Document ID: 13-SMCC-403, for WILSON, THERESA mailed to the Plaintiff's Attorney to give to HPS
Process & Investigations, Inc. for service upon the Defendant.  JB. .

**Summons Issued-Circuit**
Document ID: 13-SMCC-404, for ROUGHTON, DAVID mailed to the Plaintiff's Attorney to give to HPS
Process & Investigations, Inc. for service upon the Defendant.  JB.

**Receipt Filed**
Filed By:  KENNETH B MCCLAIN

Report: CZR0026

29TH JUDICIAL CIRCUIT
JASPER COUNTY - CARTHAGE
CIRCUIT COURT DOCKET SHEET

Date:    15-May-2013
Time:    1:16:51PM
Page:    1

| 13AP-CC00033 | JESSICA NUGENT V CARL JUNCTION R-1 SCNHOOL DISTRIC | Security Level: 1 Public |
|---|---|---|

| Case Type: | CC Wrongful Death | Case Filing Date: | 15-May-2013 |
|---|---|---|---|
| Status: | Pet Filed in Circuit Ct | | |

Disposition:                          Disposition Date:

Release/Status Reason
 Change Date

| Judge | DAVID BOYCE MOUTON (33059) |
|---|---|
| Plaintiff | JESSICA NUGENT (NUGJ*2829) |
| Attorney for Plaintiff | KENNETH BLAIR MCCLAIN II(32430) |
| Plaintiff | MIKA NUGENT (NUGM*4650) |
| Attorney for Plaintiff | KENNETH BLAIR MCCLAIN II(32430) |
| Plaintiff Ad Litem | JESSICA NUGENT(NUGJ*2829) |
| Defendant | CARL JUNCTION R-1 SCNHOOL DISTRICT (@106459) |
| | PHILLIP COOK (@106460) |
| | GARY REED (@106461) |
| | SCOTT SAWYER (@106462) |
| | TREVOR CHASE (@106463) |
| | BEN WITHERS (@106464) |
| | THERESA WILSON (@106465) |
| | DAVID ROUGHTON (@106467) |

| Filing Date | Description |
|---|---|
| 15-May-2013 | **Judge Assigned** |

**Pet Filed in Circuit Ct**
Filed By:  KENNETH B MCCLAIN

**Motion Filed**
Filed By:  KENNETH B MCCLAIN

**Order**
appointing Plaintiff Jessica Nugent as Plaintiff Ad Litem signed by Honorable David Mouton filed and approved. JB
Filed By:  KENNETH B MCCLAIN

**Motion Special Process Server**
Filed By:  KENNETH B MCCLAIN

**Order - Special Process Server**
appointing HPS Process & Investigations, Inc. filed. JB
Filed By:  KENNETH B MCCLAIN

**Summons Issued-Circuit**
Document ID: 13-SMCC-397, for CARL JUNCTION R-1 SCNHOOL DISTRICT mailed to the Plaintiff's Attorney to give to HPS Process & Investigations, Inc. for service upon the Defendant.  JB

**Summons Issued-Circuit**
Document ID: 13-SMCC-398, for COOK, PHILLIP mailed to the Plaintiff's Attorney to give to HPS Process & Investigations, Inc. for service upon the Defendant. JB.

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT CARTHAGE

JESSICA NUGENT, individually )
and as Plaintiff Ad Litem on behalf of )
L████ N█████, )
)
and )
)
MIKA NUGENT, )
)
                    Plaintiffs, )
)
v. )          Case No. 13APCC006933
)
CARL JUNCTION R-1 SCHOOL DISTRICT, et al. )
)          Division No. _____
)
                    Defendants. )

## ORDER FOR APPOINTMENT OF SPECIAL PROCESS SERVER

It is hereby ordered that Plaintiffs' Motion for Appointment of Special Process Server is

sustained and the above named individuals are hereby appointed to serve process in the above

captioned matter.

**Linda Williams, Circuit Clerk**

5-15-13
DATE

~~JUDGE OR~~ CIRCUIT CLERK

FILED
LINDA WILLIAMS-CLERK

MAY 1 5 2013

JASPER COUNTY CIRCUIT CLERK
CARTHAGE, MISSOURI

## IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
## AT CARTHAGE

JESSICA NUGENT, individually
and as Plaintiff Ad Litem on behalf of
L███ N██████,

and

MIKA NUGENT,

        Plaintiffs,

v.

CARL JUNCTION R-1 SCHOOL DISTRICT, et al.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
LINDA WILLIAMS-CLERK

MAY 1 5 2013

JASPER COUNTY CIRCUIT CLERK
CARTHAGE, MISSOURI

Case No. _13.4P-CC-00033_

Division No. _____

## MOTION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

COMES NOW Plaintiffs, by and through counsel, and hereby moves for the appointment of

HPS Process & Investigations, Inc.:

| Legal Name | Registration # | Legal Name | Registration # |
|---|---|---|---|
| Victor R. Aponte | PPS13-0129 | Jim D. Johnson | PPS13-0037 |
| Robert J. Baska | PPS13-0137 | Teresa S. Johnson | PPS13-0234 |
| Christopher D. Conder | PPS13-0215 | Wyman T. Kroft | PPS13-0236 |
| David N. Conder | PPS13-0216 | Lorri Lane | PPS13-0171 |
| Daniel R. Dick | PPS13-0223 | Mirvin Lottering | PPS13-0174 |
| James J. Donahue | PPS13-0223 | Trinity Olson | PPS13-0241 |
| Dwight L. Elliott | PPS13-0151 | Jeff Pauley | PPS13-0243 |
| Stacy Effinger | PPS13-0149 | Chris Rangnow | PPS13-0187 |
| Michael D. Fahnestock | PPS13-0225 | Christopher Reed | PPS13-0246 |
| Darlo "D.W." Forbes | PPS13-0152 | David M. Roberts | PPS13-0189 |
| Tanya S. Forbes | PPS13-0153 | Christopher A. Sargent | PPS13-0076 |
| Bruce Frette | PPS13-0155 | Nathaniel Scott | PPS13-0249 |
| Alan K. Hancock | PPS13-0226 | Erin Siegel | PPS13-0083 |
| Bruce Hansum | PPS13-0160 | Stephen Siegel | PPS13-0084 |
| Larry G.J. Haynes | PPS13-0162 | Ronald H. Slingerland | PPS13-0086 |
| Grace Hazell | PPS13-0227 | Jeremy S. Small | PPS13-0252 |
| Justin Hefner | PPS13-0228 | Daniel O. Stengel | PPS13-0195 |
| Stacy M. Hefner | PPS13-0229 | Perry Thomas | PPS13-0255 |
| Charles Helms | PPS13-0163 | Anamaria M. Vera | PPS13-0198 |
| James M. Hise | PPS13-0031 | Robert E. Vick, II | PPS13-0199 |

| Martin J. Hueckel | PPS13-0233 | Diana Wilson | PPS13-0206 |
| Betty A. Johnson | PPS13-0036 | Jerry Wooten | PPS13-0261 |
| JoAnn Lane | PPS13-0501 | Joni Lane | PPS13-0502 |

as private process servers in the above-captioned matter.

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

KENNETH B. McCLAIN        #32430
DANIEL A. THOMAS        #52030
JONATHAN M. SOPER     #61204
221 W. Lexington, Suite 400
P.O. Box 900
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
dat@hfmlegal.com
jms@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

2

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT CARTHAGE

JESSICA NUGENT, individually )
and as Plaintiff Ad Litem on behalf of )
L███████N████████, )
)
and )
)
MIKA NUGENT, )
)
              Plaintiffs, )
)
v. )   Case No. _13AP-CC-00033_
)
CARL JUNCTION R-1 SCHOOL DISTRICT, et al. )   Division No. _3_
)
              Defendants. )

## ORDER APPOINTING PLAINTIFF AD LITEM

    Upon the Motion for Appointment of Plaintiff Ad Litem, and for good cause shown, the court

hereby appoints Jessica Nugent as Plaintiff Ad Litem for the for the purpose of prosecuting claims

on behalf of L███ N███████. Jessica and Mika Nugent are granted leave to proceed in the action.

_5 - 15 - 2013_
DATE

_David B. Martin_
JUDGE

FILED
LINDA WILLIAMS-CLERK

MAY 1 5 2013

JASPER COUNTY CIRCUIT CLERK
CARTHAGE, MISSOURI

## IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
## AT CARTHAGE

JESSICA NUGENT, individually )
and as Plaintiff Ad Litem on behalf of )
L███ N███, )
)
and )
)
MIKA NUGENT, )
)
               Plaintiffs, )
)
v. )
)
CARL JUNCTION R-1 SCHOOL DISTRICT, et al. )
)
               Defendants. )

FILED
LINDA W██ ██AMS-CLERK
MAY 15 2013
JASPER COUNTY CIRCUIT CLERK
CARTHAGE, MISSOURI

Case No. 13AP-CC00033

Division No. _____

## MOTION FOR APPOINTMENT OF PLAINTIFF AD LITEM

Pursuant to R.S.Mo §537.021, Plaintiffs Jessica Nugent and Mika Nugent move for an order

appointing Jessica Nugent Plaintiff Ad Litem for their deceased son, L███ N███, for the

purposes of prosecuting a claims for wrongful death on behalf of L███ N███. As grounds for this

Petition, Plaintiffs state:

    1.    L███ N███ died as a direct and proximate result of Defendants' acts and omissions

on March 16, 2013.

    2.    Jessica and Mike Nugent are the parents of L███ N███, and as such are

entitled to share in the proceeds of an action brought for the wrongful death of L███ N███.

    3.    R.S.Mo §537.021(1) provides, *inter alia*, that upon the death of a person asserting

a claim for wrongful death in pending litigation:

> The court in which any such case is brought shall appoint a plaintiff ad litem at the
> request of the plaintiff or other interested person delineated in section 537.080 and
> such person shall be entitled to the proceeds of such action. Such plaintiff ad litem
> may maintain such action instead of the personal representative of the deceased and

may maintain the action as an alternative theory in any action under section 537.080....

4.      Plaintiff Jessica Nugent is the surviving biological mother of plaintiff L███N████;

accordingly, this Court may appoint Jessica Nugent as plaintiff ad litem to pursue the wrongful death

claim of L███N████ against the defendants.

5.      Plaintiffs will be prejudiced if this motion is not granted.

WHEREFORE, Plaintiffs Jessica and Mika Nugent request an order appointing Jessica

Nugent as plaintiff ad litem for the purpose of prosecuting and settling a claim for personal injuries

asserted by L███N████, deceased, in this action.

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

KENNETH B. McCLAIN                    #32430
DANIEL A. THOMAS                         #52030
JONATHAN M. SOPER                      #61204
221 W. Lexington, Suite 400
P.O. Box 900
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
dat@hfmlegal.com
jms@hfmlegal.com
ATTORNEYS FOR PLAINTIFFS

2

HUMPHREY, FARRINGTON & McCLAIN, P.C.

ATTORNEYS AT LAW

TEL: (816) 836-5050   FAX: (816) 836-8966

221 WEST LEXINGTON, SUITE 400

P. O. BOX 900

INDEPENDENCE, MISSOURI 64051

WEBSITE: www.hfmlegal.com

GHADA A. ANIS
SCOTT A. BRITTON-MEHLISCH
STEVEN E. CRICK
BUFORD L. FARRINGTON
JOSEPH S. GALL
SCOTT B. HALL
W. BENJAMIN KASEY*
MICHAEL S. KILGORE*
J'NAN C. KIMAK*
TIMOTHY J. KINGSBURY
DONALD H. LOUDON, JR.

SCOTT R. MANUEL
KENNETH B. McCLAIN
LAUREN E. McCLAIN
ANDREW K. SMITH**
JONATHAN M. SOPER
KEVIN D. STANLEY
DANIEL A. THOMAS

*ADMITTED IN MISSOURI & KANSAS
**ADMITTED IN MISSOURI & NEBRASKA

May 14, 2013

**VIA FEDERAL EXPRESS:**

Jasper County Courthouse
ATTN: CIRCUIT CLERK
302 South Main Street
Carthage, MO 64836



FILED
LINDA WILLIAMS CLERK

MAY 15 2013

JASPER COUNTY CIRCUIT CLERK
CARTHAGE, MISSOURI

*Re:* *New Case Filing*
      *Nugent, et al. v. Carl Junction R-1 School District, et al.*

Dear Clerk:

Enclosed please find an original and ten (10) copies of the following for filing in the above-referenced matter:

1. Confidential Case Filing Information Sheet - Non-Domestic Relations;
2. Petition for Damages;
3. Motion for Appointment of Plaintiff Ad Litem;
4. Proposed Order Appointing Plaintiff Ad Litem;
5. Motion for Order Appointing Special Process Server; and
6. Order for Appointment of Special Process Server;

Also enclosed is a firm check made payable to Jasper County Circuit Court in the amount of $95.00 for the filing fee.

Once the above pleadings have been filed and the summons packets are assembled, please forward a file stamped copy of each of the above as well as the summons packets to our office in the provided self addressed stamped envelope.

If you should have any questions or concerns, please do not hesitate to contact the office.

Very truly yours,

Heather M. Tucker

Heather M. Tucker
Legal Assistant to Jonathan M. Soper

/hmt
Enclosures

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT CARTHAGE

JESSICA NUGENT, individually )
and as Plaintiff Ad Litem on behalf of )
L█████N█████, )
     25356 Gum Road )
     Carl Junction, Missouri 64834 )
      )
and )
      )
MIKA NUGENT, )
     25356 Gum Road )
     Carl Junction, Missouri 64834 )
      )
                   Plaintiffs, )
v. ) Case No. _13AP-CC00033_
      )
CARL JUNCTION R-1 SCHOOL DISTRICT, ) Division No. _____
Serve: )
     206 South Roney Street )
     Carl Junction, Missouri 64834 )
      )
and )
      )
PHILLIP COOK, )
Serve: )
     206 South Roney Street )
     Carl Junction, Missouri 64834 )
      )
and )
      )
GARY REED, )
Serve: )
     206 South Roney Street )
     Carl Junction, Missouri 64834 )
      )
and )
      )
SCOTT SAWYER, )
Serve: )
     306 South Keeney Street )
     Carl Junction, Missouri 64834 )
      )
      )

FILED
LINDA WILLIAMS, CLERK
MAY 15 2013
JASPER COUNTY CIRCUIT CLERK
CARTHAGE, MISSOURI

and                                        )
                                           )
TREVOR CHASE,                              )
Serve:                                     )
    306 South Keeney Street          )
    Carl Junction, Missouri 64834    )
                                           )
and                                        )
                                           )
BEN WITHERS,                               )
Serve:                                     )
    306 South Keeney Street          )
    Carl Junction, Missouri 64834    )
                                           )
and                                        )
                                           )
THERESA WILSON,                            )
Serve:                                     )
    #1 Bulldog Lane                  )
    Carl Junction, Missouri 64834    )
                                           )
and                                        )
                                           )
DAVID ROUGHTON,                            )
Serve:                                     )
    1321 South Michigan Avenue       )
    Joplin, Missouri 64801           )
                                           )
            Defendants.    )

## PETITION FOR DAMAGES
### (TH)

1.     Plaintiffs, Jessica and Mika Nugent, through their undersigned counsel, for their cause of action against Defendants Carl Junction R-1 School District, Phillip Cook, Gary Reed, Scott Sawyer, Trevor Chase, Ben Withers, Theresa Wilson, and David Roughton state:

2

## PLAINTIFFS

2.      Plaintiffs Jessica and Mika Nugent are individuals over the age of twenty-one (21) and residing in Carl Junction, Missouri. Jessica Nugent is the natural mother of L███████ N███. Mika Nugent is the father of L███ N███.

## PLAINTIFFS' DECEDENT

3.      Plaintiffs' Decedent, L███ N███, was a resident of Carl Junction, Missouri at the time of his death. L███ N███ was survived by his parents, Jessica and Mika Nugent. As such, and pursuant to R.S.Mo. 537.080, Jessica and Mika Nugent are proper parties to bring this action for the wrongful death of L███ N███.

## DEFENDANTS

## DEFENDANT CARL JUNCTION R-1 SCHOOL DISTRICT

4.      Defendant Carl Junction R-1 School District ("the School District") is a public school district existing in and organized under the laws and regulations of the State of Missouri.

5.      Service may be had upon Defendant Carl Junction School District by serving the superintendent, Defendant Phillip Cook.

6.      At all times relevant hereto, the School District was acting by and through its agents, servants, and/or employees, actual or ostensible, including, but not limited to Defendants Phillip Cook, Gary Reed, Scott Sawyer, Trevor Chase, Ben Withers, Theresa Wilson, and David Roughton, each of whom were acting individually and within the course and scope of their employment with the School District. Defendant School District is liable for their actions or inactions described herein under principles of vicarious liability and/or respondeat superior, and under the laws of the State of Missouri.

3

## DEFENDANT PHILLIP COOK

7.     Upon information and belief, Defendant Phillip Cook is a resident of the State of Missouri. At all times relevant hereto, he was the Superintendent for Carl Junction R-1 School District and acted both individually and within the course and scope of his employment and/or agency as Superintendent. Defendant School District is liable for Defendant Cook's actions described herein under principles of vicarious liability and/or respondeat superior, and the laws of the State of Missouri.

## DEFENDANT GARY REED

8.     Upon information and belief, Defendant Gary Reed is a resident of the State of Missouri. At all times relevant hereto, he was the compliance officer, responsible for implementing the School District's policy prohibiting illegal discrimination, harassment and retaliation. Defendant Reed acted both individually and within the course and scope of his employment and/or agency as compliance officer.

## DEFENDANT SCOTT SAWYER

9.     Upon information and belief, Defendant Scott Sawyer is a resident of the State of Missouri. At all times relevant hereto, he was the principal of Carl Junction Junior High School, and acted both individually and within the course and scope of his employment and/or agency as principal.

## DEFENDANT TREVOR CHASE

10.     Upon information and belief, Defendant Trevor Chase is a resident of the State of Missouri. At all times relevant hereto, he was the assistant principal at Carl Junction Junior High

4

School, and acted both individually and within the course and scope of his employment and/or agency as assistant principal.

## DEFENDANT BEN WITHERS

11.     Upon information and belief, Defendant Ben Withers is a resident of the State of Missouri. At all times relevant hereto, he was a counselor at Carl Junction Junior High School, and acted both individually and within the course and scope of his employment and/or agency as counselor.

## DEFENDANT THERESA WILSON

12.     Upon information and belief, Defendant Theresa Wilson is a resident of the State of Missouri. At all times relevant hereto, she was the assistant principal at Carl Junction High School, and acted both individually and within the course and scope of his employment and/or agency as assistant principal.

## DEFENDANT DAVID ROUGHTON

13.     Upon information and belief, Defendant David Roughton is a resident of the State of Missouri. At all times relevant hereto, he was a bus driver for the School District, and acted both individually and within the course and scope of his employment and/or agency as a bus driver.

## JURISDICTION

14.     Jurisdiction is proper in this court pursuant to R.S.Mo. 506.500 in that all tortuous acts herein alleged took place in Missouri.

## VENUE

15.     Venue is proper pursuant to R.S.Mo. 508.010.4 in that plaintiff was first injured in Jasper County, Missouri.

5

## GENERAL ALLEGATIONS

16.    At all times hereto, L██ N███ was a student within the School District.

17.    On or about April, 2012, while a seventh grader within the School District, L██ came-out as bisexual.

18.    After coming out, D███ was the subject of ridicule, harassment, torment and bullying.

19.    This ridicule, harassment, torment and bullying took place both at school and on the school bus.

20.    The ridicule, harassment, torment and bullying suffered by L██ included, but was not limited to such slurs as "faggot," "homo," and "molester." L██ was also told by other students to "suck my dick" and "quit looking at my ass."

21.    The ridicule, harassment, torment and bullying suffered by L██ also included, but was not limited to, students physically threatening L██ as well as stealing and/or destroying his personal property.

22.    L██ reported the ridicule, harassment, torment and bullying to school employees, including Defendants Roughton and Withers.

23.    L██'s parents reported the ridicule, harassment, torment and bullying to school employees, including Defendant Sawyer, who relayed the reports to Defendant Wilson.

24.    At one point in the fall of 2013 and in response to the ridicule, harassment, torment and bullying, Defendant Sawyer rode the bus for one day to monitor the behavior. While riding the bus, he was told by a student to "clean my butt."

25.    Defendant Sawyer failed to immediately discipline or rebuke this student in front of the other students.

6

26.     After Defendant Sawyer rode the bus for one day, L███'s bus-mates continued to ridicule, harass, torment and bully him.

27.     After Defendant Sawyer rode the bus, L███'s parents again reported the ridicule, harassment, torment and bullying that was taking place on the bus.

28.     On or about December 12, 2012, Defendant Sawyer stated to L███'s parents that protecting L███ from the ongoing ridicule, harassment, torment and bullying was a "fight worth fighting," and that "as always, we'll keep an eye out for L███."

29.     The Defendants did not keep an eye out for L███ and the ridicule, harassment, torment and bullying continued. By March 2013, students were telling L███ to hang himself and regularly threatening to beat him up.

30.     Once again, in March of 2013, L███'s parents reported to Defendant Sawyer that the ridicule, harassment, torment and bullying was still taking place.

31.     Defendant Sawyer acknowledged that he was aware that the bus was as bad or worse than it had ever been, yet did nothing about it.

32.     Defendants' actions and inactions in response to L███ and his family's repeated attempts to get them to address the ongoing ridicule, harassment, torment and bullying directly caused or directly contributed to cause L███ to suffer severe emotional distress, filling him with despair and hopelessness.

33.     Defendants' ongoing refusal to do anything but empower L███'s tormentors forced him to seek escape elsewhere.

7

34. March 14, 2013 was the last day of classes before spring break. After L███ had been dropped off at his bus stop, a student yelled out the window for L███ to do everyone a favor and hang himself.

35. On March 15, 2013, L███ spent a final day with his friends and family.

36. On the morning of March 16, 2013, L███'s parents found him hanging in his bedroom.

**COUNT I**
**WRONGFUL DEATH - NEGLIGENT SUPERVISION**
**(Plaintiffs v. All Defendants)**

37. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 35 above, as though fully set forth herein.

38. As a student in the School District, L███ N███ was under the supervision of Defendants.

39. At all times while L███ was under the supervision of Defendants, Defendants owed him a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful members of their profession to prevent injuries that are reasonably foreseeable.

40. At the time that L███ was under the supervision of Defendants, Defendants knew or should have known of the intense harm bullying can have on its victims, including the link between bullying and suicide.

41. Despite that knowledge, Defendants, both as a whole and individually, failed completely to protect L███ from the ridicule, harassment, torment and bullying he endured on a daily basis.

8

42.  Defendants breached their duty to properly supervise L███ and his peers by:

    A)    failing to monitor the bus for bullying;

    B)    failing to properly investigate L███ and his parents' complaints;

    C)    failing to follow its own bullying and harassment policies;

    D)    failing to take appropriate steps to discipline L███'s tormentors;

    E)    indicating that they couldn't, or wouldn't do anything about the ridicule, harassment, torment and bullying;

    F)    failing to take any appropriate steps to address the ridicule, harassment, torment and bullying;

    G)    witnessing ridicule, harassment, torment and bullying and failing to intervene, report it, and/or take any appropriate steps to address it;

    H)    failing to recognize that the ridicule, harassment, torment and bullying was sexual harassment and/or gender based harassment; and

    I)    committing other acts and omissions as yet undiscovered by Plaintiffs.

43.  As a direct and proximate result of Defendants' negligent supervision of L███ and his peers, L███ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

44.  L███ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' negligent supervision.

45.  Because of the untimely death of L███ N███, plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has

9

sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred

burial and other expenses as a direct result of the death of L███ N████.

46.     By reason of the foregoing, plaintiffs have been damaged and are entitled to full and

fair compensation.

47.     ,Defendants' conduct which caused this damage showed complete indifference to

and/or conscious disregard for the health and safety of L███ N████ and other people similarly

situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount

to be determined by the jury, for punitive damages, together with interest, costs of suit, attorneys fees

and for such other relief as is just and proper.

## COUNT II
## WRONGFUL DEATH - NEGLIGENCE
### (Plaintiffs v. All Defendants)

48.     Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1

through 47 above, as though fully set forth herein.

49.     As the Superintendent of the School District, Defendant Cook had a duty to possess

and use that degree of skill and care ordinarily used by reasonable and/or careful Superintendents

to protect students, including L██ N████, from unreasonable risks of harm.

50.     As the School District's compliance officer responsible for implementing the School

District's prohibition against illegal discrimination, harassment, and retaliation, Defendant Reed has

a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful

compliance officers to protect students, including L███ N████, from unreasonable risks of harm.

10

51.     As ██████ N████'s principal, Defendant Sawyer had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful principals to protect L██ N████ from unreasonable risks of harm.

52.     As assistant principals, Defendants Chase and Wilson had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful assistant principals to protect L██ N████ from unreasonable risks of harm.

53.     As L██ N████'s counselor, Defendant Withers had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful counselors to protect L██ N████ from unreasonable risks of harm.

54.     As L██ N████'s bus driver, Defendant Roughton had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful bus driver to protect L██ N████ from unreasonable risks of harm.

55.     At the time of the acts complained of herein, Defendants knew or should have known of the intense harm ridicule, harassment, torment and bullying can have on its victims, including the link between bullying and suicide.

56.     Despite that knowledge, Defendants, both as a whole and individually, committed the following breaches in duty owed to L████ N████:

      A)     failing to monitor the bus for bullying;

      B)     failing to properly investigate L████ and his parents' complaints;

      C)     failing to follow the School District's own bullying and harassment policies;

      D)     failing to take appropriate steps to discipline L███'s tormentors;

11

E)     indicating that they couldn't, or wouldn't do anything about the ridicule, harassment, torment and bullying;

F)     failing to take any appropriate steps to address the ridicule, harassment, torment and bullying;

G)     witnessing ridicule, harassment, torment and bullying and failing to intervene, report it, and/or take any appropriate steps to address it;

H)     failing to recognize that the ridicule, harassment, torment and bullying was sexual harassment and/or gender based harassment;

I)     failing to properly investigate L█ N████ and his parents' complaints;

J)     failing to ensure that the personnel and staff of the School District were properly trained on bullying and/or harassment; and

K)     committing other acts and omissions as yet undiscovered by Plaintiffs.

57.     As a direct and proximate result of Defendants' negligence, L█ N███ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

58.     L██ N████ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' negligence.

59.     Because of the untimely death of L██ N████, plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of L██ N████

12

60.    By reason of the foregoing, plaintiffs have been damaged and are entitled to full and fair compensation.

61.    Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of L██ N████ and other people similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount to be determined by the jury, for punitive damages, together with interest, costs of suit, attorneys fees and for such other relief as is just and proper.

**COUNT III**
**NEGLIGENCE PER SE**
**(Plaintiffs v. All Defendants)**

62.    Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 61 above, as though fully set forth herein.

63.    Pursuant to 167.117 RSMo, commonly known as the Missouri Safe School Act, Missouri law requires all school districts, principals, teachers and school employees to report certain acts, including an act which if committed by an adult would be assault in the third degree, and such reporting must be done in a specific manner, time and satisfy the Statute in all other pertinent ways.

64.    The Act is founded on the assumption that all students need a safe learning environment.

65.    Plaintiff L██ N████ is a member of the class of persons the statute was intended to protect.

66.    Plaintiff L██ N████'s injury is the type that the statue was intended to protect.

13

67.     Despite witnessing and otherwise becoming aware of instances of acts committed against L███ N█████ by other students which would be considered assault in the third degree if committed by an adult, Defendants failed to report in violation of Missouri Law.

68.     As a direct and proximate result of Defendants' failure to report, Defendants injured L███ N█████ as herein described.

69.     As a direct and proximate result of Defendants' failure to report, L███ N█████ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

70.     L███ N█████ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' failure to report.

71.     Because of the untimely death of L███ N█████ plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of L███ N█████.

72.     By reason of the foregoing, plaintiffs have been damaged and are entitled to full and fair compensation.

73.     Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of L███ N█████ and other people similarly situated, justifying the imposition of punitive damages.

14

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit and for such other relief as is just and proper.

## COUNT IV
## VIOLATION OF TITLE IX
### (Plaintiffs v. All Defendants)

74.    Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 73 above, as though fully set forth herein.

75.    The harassment of ███ N███ as set forth above and including the slurs and ridicule based on his perceived sexual orientation constituted sexual harassment prohibited by Title IX.

76.    The conduct was unwelcome, sexual, and sufficiently serious that it limited L███ N███'s ability to participate in and benefit from his education.

77.    The School District's employees, including Defendants, failed to recognize and respond appropriately to L██ N███'s sexual and/or gender based harassment.

78.    The School District failed to properly train its employees in how to recognize and respond to sexual and/or gender based harassment.

79.    Defendants violated L██ N███'s rights under Title IX by:

    A)    Failing to recognize that he was being sexually harassed and/or the victim of gender based harassment;

    B)    Failing to investigate the sexual and/or gender based harassment;

    C)    Failing to train its employees;

    D)    Forcing L██ N███ to confront his harassers;

15

E)    Failing to take interim measures to separate Luke Nugent from the accused harassers;

F)    Failing to train students on the school's policies related to sexual and/or gender based harassment;

G)    Failing to have adequate policies concerning recognizing and responding to sexual and/or gender based harassment;

H)    Failing to adequately implement the School District's policies concerning recognizing and responding to sexual and/or gender based harassment;

I)    Failing to offer L███ N███ academic assistance, counseling, or any other steps necessary to remedy the effects of the harassment; and

J)    Committing other acts and omissions as of yet undiscovered by Plaintiff.

80.    As a direct and proximate result of Defendants' violation of his rights under Title IX, L███ N███ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

81.    L███ N███ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' violations.

82.    Because of the untimely death of L███ N███, plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of L███ N███.

16

83.     By reason of the foregoing, plaintiffs have been damaged and are entitled to full and fair compensation.

84.     Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of L██ N████ and other people similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount to be determined by the jury, for punitive damages, together with interest, costs of suit, attorney fees and for such other relief as is just and proper.

## COUNT V
## SECTION 1983 - STATE CREATED DANGER
**(Plaintiffs v. Defendants, individually and in their official capacities)**

85.     Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 84 above, as though fully set forth herein.

86.     Because Missouri has chosen to provide a free public education to its children, L██ N████ had a Constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

87.     L██ N████ also had Constitutional rights to bodily integrity, to due process, to be secure and to be left alone, and to life protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

88.     Defendant School District, and all school defendants individually named, acting both in their capacity as agents of the School District and individually at all times referenced in this petition, were acting under the color of state law.

17

89.    At the time of their actions, the School District and the school defendants knew or should have known that bullying existed within the School District.

90.    At the time of their actions, Defendants had actual knowledge of ongoing and severe abuse suffered by L███ N█████ at the hands of students under the Defendants' custody and control and that the abuse was depriving L███ N█████ of his right to an education, his right to bodily integrity, and endangering his right to life.

91.    At the time of their actions, the School District and the school defendants knew which students were abusing L███ N█████ and it was readily foreseeable that their abuse would continue into the future and result in the deprivation of L███ N█████'s Constitutional rights to a public education, to bodily integrity, to be secure and left alone, and to life.

92.    The School District and the school defendants enhanced the danger to L███ N█████ and rendered him more vulnerable to the deprivation of his rights to an education, to bodily integrity, to be secure and left alone, and to life through numerous affirmative acts, including, but not limited to:

> A)    Affirmatively indicating that they can't, or won't do anything about the ridicule, harassment, torment and bullying;
>
> B)    Affirmatively refusing to take any steps to address the ridicule, harassment, torment and bullying;
>
> C)    Affirmatively denying that the behavior complained of is bullying or harassment;
>
> D)    Witnessing bullying and harassment and affirmatively refusing to intervene, report it, and/or take any appropriate steps to address it;

18

E)      Riding the bus for one day and affirmatively refusing to discipline or rebuke the student who told Defendant Sawyer to "clean my butt" in front of other students;

F)      Affirmatively responding to reports of ridicule, harassment, torment and bullying by only speaking to the accused;

G)      Affirmatively stating to L███ N███'s parents that they would keep an eye out for him and then failing to do so;

H)      Affirmatively refusing to comply with the School District's bullying and harassment policies; and

I)      Affirmatively committing other acts and omissions as yet undiscovered by Plaintiffs.

93.     · The School District's and the school defendants committed these affirmative acts with a deliberate indifference to and reckless and willful disregard for L███ N███'s Constitutional rights. These affirmative acts increase the danger to L███ N███ and led to his injuries in that they:

A)      Left L███ N███ at the mercy of his bullying peers while affirmatively preventing him from taking any actions to stop the bullying, torment, ridicule, and harassment and leaving him no reasonable means of escape or protection;

B)      Increased L███ N███'s sense that he deserves and would always deserve to be harassed, bullied, tormented, and abused and that he should not protect himself and that the school would do nothing to protect him;

19

C)  Increased L██ N███'s classmates' sense that he deserved and always would deserve to be ridiculed, tormented, bullied, and harassed and that the school would permit such behavior;

D)  Encouraged further and more severe bullying, harassment, torment, and abuse of L██ N███ from his classmates by sending the message to her abusers that the school approved of her classmates' behavior and would not interfere or respond in any way; and

E)  Caused, increased, and accelerated L██ N███'s emotional collapse and despair.

94.  These affirmative acts by the School District and the school defendants, taken as a whole and in the context of known bullying in the School District, increased the danger to L██ N██ and amount to shocking, egregious, and outrageous behavior.

95.  As a direct and proximate result of Defendants' behavior, L██ N███ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

96.  L██ N███ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' behavior.

97.  Because of the untimely death of L██ N███ plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of L██ N███.

20

98.     By reason of the foregoing, plaintiffs have been damaged and are entitled to full and fair compensation.

99.     Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of L████ N█████ and other people similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount to be determined by the jury, for punitive damages, together with interest, costs of suit, attorney fees and for such other relief as is just and proper.

**COUNT VI**
**SUPERVISORY LIABILITY FOR PARTICIPATION IN AND ENCOURAGEMENT OF**
**UNCONSTITUTIONAL MISCONDUCT BY SUBORDINATES (42 U.S.C. § 1983)**
**(Plaintiffs v. Defendants Cook, Reed, Sawyer, Chase and Wilson)**

100.    Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 99 above, as though fully set forth herein.

101.    At all times relevant to this petition, Defendants Cook and Reed had supervisory authority over and responsibility for all School District employees, including a close supervisory position over Defendants Sawyer, Chase and Wilson.

102.    At all times relevant to this petition, Defendant Sawyer had supervisory authority over all of the teachers and employees at Carl Junction Junior High School, including Defendants Withers and Roughton.

103.    At all times relevant to this petition, Defendants Chase and Wilson had supervisory authority over employees of Carl Junction Junior High School and Carl Junction High School, respectively, as well as Defendants Withers and Roughton.

21

104.     At all times relevant to this petition, Defendants Cook, Reed, Sawyer, Chase and Wilson were acting under color of state law in both their individual and official capacities.

105.     Defendants Cook and Reed knew or should have known that the Defendants and other teachers, administrators and employees of the School District were unconstitutionally placing students, including L████ N████ in increased danger of severe, ongoing, and targeted bullying and the resulting foreseeable deprivations of their Constitutional rights to a public education, to bodily integrity, to be secure and to be left alone, to life, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

106.     Defendants Sawyer and Chase knew or should have known that Defendants and other employees at Carl Junction Junior High School were placing students, including L████ N████ in increased danger of severe, ongoing, and targeted bullying and the resulting deprivation of their Constitutional rights to a public education, to bodily integrity, to life, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

107.     Defendant Wilson knew or should have known that Defendants, along with other employees, were placing students, including L████ N████, in increased danger of severe, ongoing, and targeted bullying and the resulting deprivation of their Constitutional rights to a public education, to bodily integrity, to life, to be secure and to be left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

108.     By rejecting the implementation of proven bullying prevention strategies in the School District and by approving of, and refusing to intervene to prevent, their subordinates' continuing pattern of unconstitutional misconduct toward Luke Nugent and other students who were victims of severe bullying, Defendants Cook and Reed encouraged and participated in that conduct

22

and demonstrated a deliberate indifference to or tacit authorization of their subordinates' offensive acts.

109.    By rejecting the implementation of proven bullying prevention strategies in their school and by approving of, and refusing to intervene to prevent, their subordinates' continuing pattern of unconstitutional misconduct toward L██ N████ and other students who were victims of severe bullying, Defendants Sawyer, Chase and Wilson encouraged and participated in that conduct and demonstrated a deliberate indifference to or tacit authorization of their subordinates' offensive acts.

110.    As a direct result of their encouraging and participating in the unconstitutional misconduct of their subordinates, Defendants Cook, Reed, Sawyer, Wilson and Chase caused L██ N████ to suffer the deprivation of his rights to a public education, to bodily integrity, to life, to be secure and be left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

111.    As a direct and proximate result of Defendants' behavior, L██ N████ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

112.    L██ N████ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' behavior.

113.    Because of the untimely death of L██ N████, plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has

sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of L███ N█████.

114.    By reason of the foregoing, plaintiffs have been damaged and are entitled to full and fair compensation.

115.    Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of L███ N█████ and other people similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount to be determined by the jury, for punitive damages, together with interest, costs of suit, attorney fees and for such other relief as is just and proper.

### COUNT VII
### DENIAL OF SUBSTANTIVE DUE PROCESS THROUGH FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. § 1983)
### (Plaintiffs v. Defendant School District)

116.    Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 115 above, as though fully set forth herein.

117.    Over twenty years of widely published empirical research has made clear to educators that severe, ongoing, and targeted bullying in schools is pervasive and routinely results in clinical depression, suicidal thoughts, and suicide among its targeted victims.

118.    Over twenty years of widely published empirical research has demonstrated to educators that seven to fifteen percent of students in every type of traditional educational setting are victims of severe, ongoing, and targeted bullying.

24

119.   Over twenty years of widely published empirical research has provided educators with proven strategies to dramatically reduce and prevent severe, ongoing, and targeted bullying and to transform bullying school cultures into positive and supportive school cultures.

120.   Over twenty years of widely published empirical research has informed educators as to appropriate and effective responses to known instances of severe, ongoing, and targeted bullying in schools.

121.   The School District should have known and/or did know of severe, ongoing, and targeted bullying in its schools, in that it

    A)   Knew that I███ N████ was the victim of daily abuse, harassment, and torment by his classmates leading up to his death;

    B)   Knew that concerned parents of other children in the School District repeatedly complained to the School District about the bullying problem;

    C)   Knew that severe and ongoing ridicule, harassment, torment and bullying took place on the bus I███ N████ rode on ; and

    D)   Knew or should have known of other instances of bullying as yet unknown to Plaintiffs.

122.   The School District should have trained its employees on how to recognize and respond appropriately to sexual and/or gender-based harassment.

123.   The School District should have known and/or did know that its employees consistently failed to recognize that L███ N████ was a victim of sexual and/or gender based harassment.

25

124.    The School District should have known and/or did know that its employees consistently responded inappropriately to the ongoing sexual and/or gender based harassment that L███ N█████ was a victim of.

125.    The School District should have known and/or did know that the consistent response to bullying in the district was to ignore instances of bullying and/or fail to appropriately address instances of bullying.

126.    Given what the School District should have known and/or did know, the likelihood of current and future deprivations of constitutionally protected rights to an education, to bodily integrity, to be secure and left alone, and to life was obvious.

127.    Given what the School District should have known and/or did know, the need for training and supervision concerning bullying recognition, prevention and response was also obvious.

128.    Given what the School District should have known and/or did know, the need for training and supervision concerning sexual and/or gender based harassment recognition, prevention, and response was also obvious.

129.    All officials, teachers and employees in the School District should have been aware of effective bullying prevention strategies and appropriate responses to bullying incidents, given the widely published and widely publicized research on bullying prevention and response.

130.    All officials, teachers and employees in the School District should have been aware of how to recognize and respond appropriately to sexual and/or gender based harassment.

131.    Despite widely published and widely publicized research on bullying, the School District failed to implement proven strategies to prevent or deter bullying in its schools.

26

132. Despite this widely published and publicized research, the School District failed to properly train and supervise its employees and agents with regard to prevention of bullying, response to reports of bullying, and protection of students from known bullying.

133. Despite the School District's actual and constructive knowledge of an ongoing pattern of bullying incidents and an ongoing pattern of improper responses to those incidents by teachers and administrators, as well as the existence of a dangerous bullying culture in the School District, the School District failed to properly train and supervise its employees and agents with regard to prevention of bullying, response to reports of bullying, and protection of students from known bullying.

134. Despite widely published and widely publicized research, guidelines and directives on sexual and/or gender based harassment, the School District failed to train and/or educate its staff.

135. Despite this widely published and publicized research, guidelines and directives, the School District failed to properly train and supervise its employees and agents with regard to recognition, prevention and responding to sexual and/or gender based harassment.

136. Despite the School District's actual and constructive knowledge of an ongoing pattern of sexual and/or gender based harassment incidents and an ongoing pattern of improper responses to those incidents by teachers, staff and administrators, the School District failed to properly train and supervise its employees and agents with regard to identification, prevention and appropriate response to sexual and/or gender based harassment.

27

137. As a result of the School District's failure to train and supervise its employees and agents, L███ N████ was deprived of his rights to a free public education, to bodily integrity, to be secure and be left alone, to life, and his right to substantive due process under the Fourteenth Amendment to the United States Constitution.

138. The School District's failure to train and supervise its employees and agents constituted deliberate indifference to the deprivation of L███ N████'s rights to a public education, to bodily integrity, to be secure and be left alone, and to life and to substantive due process under the Fourteenth Amendment to the United States Constitution.

139. As a direct and proximate result of Defendants' behavior, L███ N████ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

140. L███ N████ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' behavior.

141. Because of the untimely death of L███ N████, plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of L███ N████.

142. By reason of the foregoing, plaintiffs have been damaged and are entitled to full and fair compensation.

28

143.    Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of L████ N██████ and other people similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount to be determined by the jury, for punitive damages, together with interest, costs of suit, attorneys fees and for such other relief as is just and proper.

### COUNT VIII
### DENIAL OF SUBSTANTIVE DUE PROCESS THROUGH A POLICY, CUSTOM AND PRACTICE OF FAILING TO RESPOND TO OR PREVENT BULLYING AND/OR HARASSMENT IN ITS SCHOOLS (42 U.S.C. § 1983)
**(Plaintiffs v. Defendant School District)**

144.    Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 143 above, as though fully set forth herein.

145.    The School District, including the school board and the superintendents in the School District at the relevant times of the occurrences described in this petition, knew or should have known that there existed among administrators, counselors, and teachers a continuing, widespread, and persistent pattern of failing to respond appropriately to incidents of bullying, sexual harassment, and/or gender based harassment, including those incidents in which L████ N██████ was the victim.

146.    The School District, including the school board and the superintendents in the School District at the relevant times of the occurrences described in this petition, knew or should have known that there existed a continuing, widespread, and persistent pattern of administrators' failing to implement proven strategies to prevent or ensure appropriate responses to incidents of bullying, sexual harassment, and/or gender based harassment, including those in which L████ N██████ was a victim.

29

147. The School District, including the school board, the superintendent, and the principals in the School District at the relevant times of the occurrences described in this petition, knew or should have known that such failures were causing its students, including L█ N█ to suffer deprivations of their rights to a public education, to bodily integrity, to be secure and be left alone, to life, and substantive due process under the Fourteenth Amendment to the United States Constitution.

148. Nevertheless, the School District, including the school board, the superintendent, and the principals in the School District at the relevant times of the occurrences described in this petition, maintained a practice of inappropriate responses to known bullying incidents, a practice of rejecting the implementation of proven bullying prevention strategies, and a practice of allowing bullying incidents and a bullying culture to continue unchecked in the School District's schools.

149. Furthermore, the School District, including the school board, the superintendent, and the principals in the School District at the relevant times of the occurrences described in this petition, maintained a practice of inappropriate responses to incidents of sexual and/or gender-based harassment, a practice of rejecting the implementation of training essential to ensure appropriate recognition of and response to incidents of sexual and/or gender based harassment, and a practice of allowing incidents of sexual and/or gender based harassment to continue unchecked in the School District's schools.

150. The School District thereby exhibited a deliberate indifference to or tacit approval of the constitutional misconduct of its employees and a deliberate indifference to L█ N█'s and other students' rights to a public education, to bodily integrity, to life, to be secure and be left alone, and substantive due process under the Fourteenth Amendment to the United States Constitution.

30

151. Because the bullying continued unchecked and even increased as employees refused to come to victims' aid, this policy and practice was the moving force behind the deprivation of L██ N████'s rights to a public education, to bodily integrity, to life, to be secure and be left alone, and substantive due process under the Fourteenth Amendment to the United States Constitution.

152. As a direct and proximate result of Defendants' behavior, L██ N████ was exposed to foreseeable and known risks of severe physical and emotional injury and was in fact injured physically and emotionally.

153. L██ N████ has suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' behavior.

154. Because of the untimely death of L██ N████, plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of L██ N████.

155. By reason of the foregoing, plaintiffs have been damaged and are entitled to full and fair compensation.

156. Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of L██ N████ and other people similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against Defendants, in an amount to be determined by the jury, for punitive damages, together with interest, costs of suit, attorney fees and for such other relief as is just and proper.

31

## COUNT IX
## PUNITIVE DAMAGES
### (Plaintiffs v. All Defendants)

157.    Plaintiffs hereby incorporate paragraphs 1 through 156 above, as though fully set forth

herein.

158.    Defendants committed one or more of the willful, wanton, and malicious acts more

fully set forth above, which individually and/or cumulative justify the submission of punitive

damages.

159.    Defendants knew or had information from which, in the exercise of ordinary care,

should have known that such conduct, as more fully set forth above, and created a high degree of

probability of injury to ▮▮ N▮▮▮ and others similarly situated.

160.    The willful, wanton, and malicious acts of Defendants, as more fully set forth above,

evidence Defendants showed complete indifference to and/or conscious disregard for the safety of

▮▮ N▮▮▮ and others similarly situated, justifying the submission of punitive damages in this

case.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and for punitive damages

in such an amount as will serve to punish and deter the defendant, and others similarly situated, from

engaging in like conduct.

### DEMAND OF JURY TRIAL OF ALL ISSUES

161.    Plaintiffs in the above-entitled cause demand a trial by jury.

32

Dated: May _15_, 2013

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

KENNETH B. McCLAIN                    #32430
DANIEL A. THOMAS                      #52030
JONATHAN M. SOPER                     #61204
221 W. Lexington, Suite 400
P.O. Box 900
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
dat@hfmlegal.com
jms@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

33